UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES BEN | CIVIL ACTION |
| VERSUS | NO. 12-174 |
| GARDEN DISTRICT ASSOCIATION, ET AL. | SECTION "B" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, James Ben, filed the above-captioned matter in this Court in which he sues defendants Garden District Association, New Orleans Private Patrol Service, Inc., and Arthur Jones III. Plaintiff seeks damages from defendants because they allegedly abused him by, *inter alia*, kicking and punching him "while he was on the ground on the morning of Friday[,] January 21, 2011." Plaintiff alleges that on that date, he was "picking up" scrap metal in an unspecified area.

On January 27, 2012, the Court ordered plaintiff to show cause on or before Tuesday, March 6, 2012, as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction and failure to state a claim cognizable in federal court pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii). On March 6, 2012, plaintiff filed his response to the order to show cause.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –

             \*   \*   \*
  (B) the action or appeal –
    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

  The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

  Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3] Plaintiff alleges that

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

this action arises under 42 U.S.C. § 1983 and/or 42 U.S.C. § 2000a(b)(4).[4] However, to state a clam under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Neither on the face of plaintiff's complaint nor in his response is there evidence that a constitutional violation occurred here nor that defendants acted under color of state law. Indeed, it appears from plaintiff's complaint that defendants are private individuals and/or incorporated entities.

In *Adickes v. Kress & Co.*, the Supreme Court held that private persons who are jointly engaged with state officials in the challenged action are acting "under color of" state law for the purposes of section 1983 actions. 398 U.S. 144, 152 (1970). However, plaintiff does not allege that the private individuals and/or incorporated entities were jointly engaged – or conspired – with state or local officials acting under the color of state law. Indeed, in plaintiff's response, he notes that officers from the New Orleans Police Department ("NOPD") who arrived on the scene ordered him to be uncuffed and stood upright, even telling one of the defendants, "Man you went over the line, You got personal." [Doc. #4 at p. 3]. Plaintiff makes no claim against the officers from the NOPD. *See, e.g., Zulus v. Hilton Riverside*, 439 F. Supp. 2d 631, 637 (E.D. La. 2006) (dismissing Section 1983 claim against private hotel security guards because plaintiff failed to allege that any state official acted in concert with them).

Plaintiff also alleges jurisdiction under 28 U.S.C. § 1331, § 1343(A)(3) and § 1343(A)(4).

---

[4] In his response, plaintiff notes that the actions of which he complains occurred on the street in front of Commander's Palace Restaurant. A "street" is not a place of public accommodation as defined by Section 2000a. 42 U.S.C. § 2000a(b)(1)-(4).

Section 1331 requires that the lawsuit arise under federal law, which, without a cognizable claim under Section 1983, plaintiff's claims do not. Section 1343(A)(3) requires that the deprivation occur under the color of state law, which, as noted above, it does not. Lastly, Section 1343(A)(4) vests jurisdiction in this Court for "relief under any act of Congress providing for the protection of civil rights." Again, without a viable claim under Section 1983, there is no act of Congress to vest jurisdiction in this Court here.

Neither is diversity jurisdiction under 28 U.S.C. § 1332 apparent from the face of plaintiff's complaint. While plaintiff now states the amount of damages that he seeks ($200,000.00 and punitive damages), he also notes that the individuals and/or incorporated entities are residents of Louisiana. Thus, diversity jurisdiction under Section 1332 does not exist.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of March, 2012.

                                                     **DANIEL E. KNOWLES, III**
                                                     **UNITED STATES MAGISTRATE JUDGE**