# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-174** |
| **GARDEN DISTRICT ASSOCIATION, ET AL** | **SECTION: "B"(3)** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff's, James Ben, Objections (Rec. Doc. No. 6) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 5), recommending dismissal with prejudice of Plaintiff's claims. (Rec. Doc. No. 5). For the reasons below,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge be **AFFIRMED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On January 27, 2012, Plaintiff filed the instant action against the Garden District Association ("Association"), Arthur Jones, III ("Defendant Jones"), and the New Orleans Private Patrol Service, Inc. ("NOPP"), collectively ("Defendants"), alleging violations of his constitutional rights under 42 U.S.C. §§ 1983 and 2000. (Rec. Doc. No. 1 at 3). Plaintiff filed this instant proceeding *in forma pauperis*, stating that he does not have the money to pay the requisite court fees. (Rec. Doc. No. 1 at 7). This Court granted Plaintiff's motion to proceed *in forma pauperis*. (Rec. Doc. No. 3).

After filing the complaint, this Court ordered Plaintiff to show, in writing, that cause exists and why the case should not be immediately dismissed for lack of subject matter jurisdiction. (Rec. Doc. No. 3). The Magistrate Judge allowed Plaintiff to file a reply, arguing why he believes cause exists. (Rec. Doc. No. 3 at 2).

In response to the Magistrate Judge's order, Plaintiff filed a more detailed account of the allegations. (Rec. Doc. No. 4). Plaintiff alleged that while he was driving in the Garden District neighborhood of New Orleans, Louisiana, he was being followed by Defendant Jones and pulled over in front of Commander's Palace Restaurant. (Rec. Doc. No. 4 at 2). Plaintiff asserts after he exited his car, Defendant Jones approached Plaintiff's car and said, "I am going to show you what happens to people who goes [sic] around threatening people." (Rec. Doc. No. 4 at 2). A fight ensued between Plaintiff, Defendant Jones, and another member of the Association, and Plaintiff was handcuffed and held on the ground. (Rec. Doc. No. 4 at 2-3). Plaintiff alleged that the NOPD arrived on the scene and then released him from the handcuffs. (Rec. Doc. No. 4 at 2).

## MAGISTRATE JUDGE'S FINDINGS

The Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice for lack of subject matter jurisdiction.

2

(Rec. Doc. No. 5 at 4). The Magistrate Judge found that subject matter jurisdiction does not exist in this case because Plaintiff is unable to state a cognizable claim under federal law. (Rec. Doc. No. 5).

In order for Plaintiff to succeed in a § 1983 claim, he would have to allege, "(1) a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." (Rec. Doc. No. 5 at 3) (citing *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004)). The Magistrate Judge found that Plaintiff does not satisfy the standard because Plaintiff did not allege a constitutional violation, nor were Defendants acting under the color of state law. *See Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970); (Rec. Doc. No. 5 at 3). Because Plaintiff cannot establish a claim under § 1983, then subject matter jurisdiction does not exist. *See* 28 U.S.C. § 1331 (2012); *see* 28 U.S.C. § 1343(a)(3)-(4) (2012).[1]

### CONTENTIONS OF PLAINTIFF

Plaintiff objects to the Magistrate Judge's findings, arguing that Defendants were engaged with the NOPD, and that the continued harassment by Defendants was a systematic pattern of

---

[1] The Magistrate Judge also noted that there is no diversity jurisdiction in this case because Plaintiff and Defendants are residents of the State of Louisiana. (Rec. Doc. No. 5 at 4). Thus, the only remaining option for federal subject matter jurisdiction is for a federal question under § 1331.

3

harassment. (Rec. Doc. No. 6 at 1-3). Plaintiff does not address the Magistrate Judge's findings that subject matter jurisdiction does not exist. (Rec. Doc. No. 6).

## LAW AND ANALYSIS

**A. Standard of Review**

Federal law states that for *in forma pauperis* cases, a court shall dismiss a case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2012).

The United States Court of Appeals for the Fifth Circuit has held that a claim is frivolous if it lacks an arguable basis in law or fact. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The Fifth Circuit has also held that a claim is malicious if the claims have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

**B. Subject Matter Jurisdiction Does Not Exist Because Plaintiff Cannot State a Claim for Relief Under § 1983.**
1. *Jurisdiction Under § 1331 or § 1343*

Section 1331 provides district courts with original jurisdiction over cases arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Section 1343(a)(3) allows a

4

plaintiff to recover damages for deprivation of a right secured by the Constitution or an Act of Congress. *See* 28 U.S.C. § 1343(a)(3). Section 1343(a)(4) further provides that district courts shall be courts of original jurisdiction in order to recover damages or equitable relief for protection of civil rights. 28 U.S.C. § 1343(a)(4). In order for this Court to have jurisdiction to adjudicate the claim, Plaintiff must be able to state a claim for relief under federal law, specifically § 1983.

2. *Plaintiff Does Not State a Cognizable Claim Under § 1983*

In order for this court to have jurisdiction over Plaintiff's claims, Plaintiff must state a cognizable claim under § 1983. To state a claim under § 1983, there must be "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff may satisfy the "color of law" requirement by proving that the action is fairly attributable to the state. *Landry v. A-Able Bonding*, 75 F.3d 200, 204 (5th Cir. 1996). For the action to be fairly attributable to the state, the plaintiff must prove that "the deprivation is caused by the exercise of a state-created right or privilege, by a state imposed rule of conduct, or by a person for whom the state is responsible, and . . that the party charged with the deprivation may be fairly described as a state actor." *Id.*

5

A private party may be considered a state actor, and liable under § 1983, if he or she is acting under the color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). To act under the color of law, a person only needs to be a willful participant, acting with the state or an agent of the state. *Id.*

In the present case, Plaintiff's allegations fall short of stating a claim under § 1983 because Defendants were not state actors and were not acting under the color of law. *See* (Rec. Doc. No. 1). Plaintiff attempts to demonstrate that Defendants were acting in concert with the NOPD, by them "mediating" the disputes between Plaintiff and Defendants, thereby violating his constitutional rights. *See Adickes*, 398 U.S. at 152; (Rec. Doc. No. 6 at 2). Plaintiff does not allege that Defendants were acting in concert with the NOPD or as an agent of the NOPD, nor does the Plaintiff make any claims against the NOPD. (Rec. Doc. No. 4 at 3). In fact, Plaintiff alleges that the NOPD helped him upon arriving at the scene of the incident.[2] (Rec. Doc. No. 4 at 3).

Plaintiff's second objection is also without merit. Plaintiff argues that he sufficiently set out a cause of action

---

[2] Plaintiff stated that when NOPD arrived on the scene, the officer told the defendant, "[m]an you went over the line, You got personal." (Rec. Doc. No. 4 at 3).

against Defendants.³ (Rec. Doc. No. 6 at 3). Plaintiff, again, alleges that Defendants were acting under the color of state law with the NOPD. (Rec. Doc. No. 6 at 3). As stated above, since Defendants were not state actors and were not engaged in activity with the NOPD, but were private citizens acting as a community watch group, Plaintiff is unable to state a claim for recovery under § 1983. *See Adickes*, 398 U.S. at 152.

New Orleans, Louisiana, this 22nd day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

³ Plaintiff cites *Hernandez v. Noel* in support of this position, however, this case is not binding upon this Court. *Hernandez v. Noel*, 323 F. Supp. 779 (D. Conn. 1970).